UNITED STATES of America,
Appellant,

v.

SAFEWAY STORES, Inc., a corporation,
Appellee.

No. 15471.

United States Court of Appeals
Ninth Circuit.

Jan. 23, 1958.

Laughlin E. Waters, U. S. Atty., Lloyd F. Dunn, Peter Jay Hughes, Asst. U. S. Attys., Los Angeles, Cal., for appellant.

Gibson, Dunn & Crutcher, Julian O. Von Kalinowski, John L. Endicott, Los Angeles, Cal., for appellee.

Before FEE and CHAMBERS, Circuit Judges, and CHASE A. CLARK, District Judge.

PER CURIAM.

The indictment here is one brought under Title 21 U.S.C.A. Section 78, charging the defendant, in two counts, with unlawful transportation of a quantity of meat food products of cattle and swine from a warehouse in Los Angeles, California, to the Safeway store in Las Vegas, Nevada, which products had not been inspected, examined and marked "Inspected and passed" as required by law.

Section 78, Title 21, provides:

"No person, firm, or corporation shall transport or offer for transportation, and no carrier of interstate or foreign commerce shall transport or receive for transportation from one State or Territory or the District of Columbia to any other State or Territory or the District of Columbia, or to any place under the jurisdiction of the United States, or to any foreign country, any carcasses or parts thereof, meat, or meat food products thereof which have not been inspected, examined and marked as 'Inspected and passed,' in accordance with the terms of sections 71 to 94, inclusive, of this title, and with the rules and regulations prescribed by the Secretary of Agriculture."

Safeway Stores moved to dismiss on two basic grounds: (1) that the indictment did not state facts sufficient to constitute an offense against the United States in that "it affirmatively appears on its face that defendant comes within the exception to the statute upon which the alleged offense is based, exempting retail dealers in meat and meat products supplying their customers"; and (2) that the indictment does not sufficiently inform the defendant of the nature and cause of the accusation in that "It fails to specifically allege that defendant does not come within the statutory exception exempting retail dealers in meat and meat products supplying their customers", and "It does not appear thereon whether Safeway Stores, Inc., is being charged as a retail dealer in meat and meat products supplying its customers, with the offense created by the statute or otherwise".

The exception exempting retail dealers to which the defendant refers is found at 21 U.S.C.A. § 91, as follows:

"A 'retail dealer' means any person, partnership, association, or corporation chiefly engaged in selling meat or meat food products to consumers only except that the Secretary of Agriculture, at his discretion, may permit any retail dealer to transport in interstate trade or foreign commerce to consumers and meat retailers in any one week not more than five carcasses of cattle, twenty-five carcasses of calves, twenty carcasses of sheep, twenty-five carcasses of lambs, ten carcasses of swine, twenty carcasses of goats, or twenty-five carcasses of goat kids, or the equivalent of fresh meat therefrom, and to transport in interstate or foreign commerce to consumers only meat and meat food products which have been salted, cured, canned, or prepared as sausage, lard, or other meat food products which have not been inspected, examined, and marked as 'Inspected and Passed' in accordance with the

terms of sections 71–91 of this title, and Acts supplemental thereto, and with the rules and regulations prescribed by the Secretary of Agriculture."

Section 91 further provides:

"The provisions of sections 71–91 of this title, requiring inspection to be made by the Secretary of Agriculture shall not apply to animals slaughtered by any farmer on the farm and sold and transported in interstate or foreign commerce, nor to retail butchers and retail dealers in meat and meat food products, supplying their customers * * *. And provided further, The Secretary of Agriculture is authorized to maintain the inspection in sections 71–91 of this title provided for at any slaughtering, meat canning, salting, packing, rendering, or similar establishment notwithstanding this exception, and that the persons operating the same may be retail butchers and retail dealers or farmers; and where the Secretary of Agriculture shall establish such inspection then the provisions of said sections shall apply notwithstanding this exception."

The Motion to Dismiss was granted by the trial court and the Indictment was dismissed. The Plaintiff United States thereupon initiated this appeal.

Appellant's contentions are: First, It is not necessary to allege in the indictment that the defendant does not come within the exception to the statute as set forth in Section 91 of Title 21 U.S.C.A.; Second, that it is unnecessary to allege in the Indictment that defendant is or is not a retail dealer in meat and meat products supplying its customers; and Third, it does not appear from the face of the Indictment that Safeway is exempt from the requirements of the statute.

Rule 7(c), Federal Rules of Criminal Procedure, 18 U.S.C.A., provides: "The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." This then is the test which the Indictment here must meet.

This Court is aware that it is not bound by the decision of the District Court for the District of New Jersey in the case of United States v. Mendelsohn, D.C., 32 F.Supp. 622. However, the court there gave a well reasoned opinion in upholding the indictment based on the identical statute as here, where the charge did not set forth the statutory exceptions.

In the case of McKelvey v. United States, 260 U.S. 353, 43 S.Ct. 132, 134, 67 L.Ed. 301, the court states:

"By repeated decisions it has come to be a settled rule in this jurisdiction that an indictment or other pleading founded on a general provision defining the elements of an offense, or of a right conferred, need not negative the matter of an exception made by a proviso or other distinct clause, whether in the same section or elsewhere and that it is incumbent on one who relies on such an exception to set it up and establish it."

It is our opinion that the indictment as here drawn fully advises the defendant of the offense charged in every respect, and further that the language of Section 78 completely defines the offense, without any reference to the exception provided for in Section 71. Thus, this indictment drawn in the language of Section 78 would be good.

If the defendant comes within the exception or exemption found in Section 91, these are matters for it to set up and establish as a defense. This is true as to each point raised in appellee's brief on appeal.

For the foregoing reasons, the ruling of the trial court dismissing the Indictment is reversed.