**UNITED STATES of America,**

v.

**UNDETERMINED QUANTITIES OF DE-PRESSANT OR STIMULANT DRUGS,**
particularly described in Appendix A.

**No. 68–12–Civ–CA.**

United States District Court
S. D. Florida,
Miami Division.

Feb. 7, 1968.

**544**

William A. Meadows, Jr., U. S. Atty., and Alfred E. Sapp, Asst. U. S. Atty., Miami, Fla., for the Government.

L. J. Cushman, and John W. Prunty, Miami, Fla., for defendant.

## ORDER DISMISSING COMPLAINT FOR FORFEITURE, QUASHING THE WARRANT OF ARREST IN REM, AND DIRECTING RETURN OF PROPERTY

ATKINS, District Judge.

This libel for condemnation is under the Federal Food, Drug, and Cosmetic Act.[1] The Complaint for Forfeiture alleges that the drugs seized are depressant or stimulant drugs within the meaning of 21 U.S.C. § 321(v);[2] that records were not prepared or kept with respect to these drugs as required by 360a(d) (1), that such failure is a prohibited act under § 331(q) (4) and subjects the drugs to seizure and condemnation under § 334(a) (2) (A). Pursuant to a warrant of arrest in rem a federal marshal and two agents of the Bureau of Drug Abuse Control took the drugs in question from the private residence and offices of the claimant, Harry Needelman, M.D. These federal agents seized the drugs without the valid consent of the claimant and without a search warrant conforming to the requirements of the Fourth Amendment.

The claimant moves to dismiss the complaint for forfeiture, quash the warrant of arrest in rem, and return the drugs. These motions are premised on two grounds:

(1) The claimant was excused from keeping records because of a specific statutory exemption and the government has the duty and has failed to negative the exemption's applicability.[3]

(2) The drugs were seized in violation of the Fourth Amendment since no search warrant was obtained.

The claimant's first ground would force the government in the complaint for forfeiture to negative a specific statutory exemption to the general requirement of record keeping in § 360a (d) (1). The case law construing similar statutory exemptions is to the contrary.[4] The statute by inference also indicates the contrary. In § 360a(c) the statute explicitly places on the government the burden of negativing certain specific exemptions. But the subsection pertinent in the instant case, § 360a(d) (3), does not place this burden on the government. When read together, these two subsec-

---

1. 21 U.S.C. §§ 301–517. All subsequent sections cited refer to this act.

2. See also 21 C.F.R. § 166.3 for a more complete definition of depressant or stimulant drugs.

3. Practitioner licensed by law to prescribe or administer depressant or stimulant drugs, while acting in the course of their official duties do not have to keep the records required by § 360a(d) (1) unless the practitioner regularly engages in dispensing such drugs. § 360a(d) (3), § 360a(a) (2) (4), 21 C.F.R. § 166.17(f).

4. McKelvey v. United States, 260 U.S. 353, 43 S.Ct. 132, 67 L.Ed. 301 (1922); Williams v. United States, 292 F.2d 157 (8th Cir. 1961); United States v. Safeway Stores, Inc., 252 F.2d 99 (9th Cir. 1958); Welch v. Hudspeth, 132 F.2d 434 (10th Cir. 1942); Knight v. Hudspeth, 112 F.2d 137 (10th Cir. 1940); Nicoli v. Briggs, 83 F.2d 375 (10th Cir. 1936).

tions indicate by inference that the government does not have the burden of negativing the exemptions in § 360a(d) (3). In addition, it is unreasonable in the absence of a statutory command to force the government to negative possible exemptions of all potential and perhaps unknown claimants when the facts concerning exemptions are particularly within the knowledge of potential claimants. This court concludes it is the claimant's duty to assert and establish the exemption's applicability in the instant case.

The claimant's second ground—that the drugs were seized in violation of the Fourth Amendment—presents a more difficult question. The Government meets this contention by characterizing the instant seizure as a "seizure process in a civil action" and citing cases that generally hold the Fourth Amendment inapplicable to seizure processes in civil actions of condemnation under the Federal Food, Drug, and Cosmetic Act.[5] The strength of these cases is questionable since none specifically deals with seizures from the private home or business office of the claimant.[6]

More importantly, an attempt to distinguish civil seizures from criminal seizures and to apply the Fourth Amendment's safeguards to the latter but not to the former is highly questionable in light of recent interpretations of the Fourth Amendment. The Supreme Court recently has cut away such technical distinctions emphasizing the Amendment's substantive protection of a man's privacy against government intrusion. In Camara v. Municipal Court etc.,[7] the Supreme Court overruled Frank v. State of Maryland [8] and held the Fourth Amendment applicable to administrative searches enforcing municipal building ordinances. The Court stated: "It is surely anomalous to say that the individual and his private property are fully protected by the Fourth Amendment only when the individual is suspected of criminal behaviour." [9] In Katz v. United States [10] the Supreme Court finally rejected the "physical intrusion" rationale reasoning that within the context of electronic eavesdropping this technical property-oriented rule has no relationship to the substantive right of privacy protected by the Fourth Amendment.

Finally, in Warden Md. Penitentiary v. Hayden [11] the Court abandoned the "mere evidence rule" reasoning that the Fourth Amendment's protection of privacy was unrelated to the "mere evidence" limitation since "Privacy is disturbed no more by a search directed to a purely evidentiary object than * * * by a search directed to an instrumental-

---

5. United States v. 75 Cases, etc., 146 F.2d 124 (4th Cir. 1944), cert. den., 325 U.S. 856, 65 S.Ct. 1183, 89 L.Ed. 1976 (1945); United States v. 935 Cases, etc., 136 F.2d 523 (6th Cir.), cert. den., Ladoga Canning Co. v. United States, 320 U.S. 778, 64 S.Ct. 92, 88 L.Ed. 467 (1943); United States v. 62 Packages, etc., 48 F.Supp. 878 (W.D.Wis.1943), aff'd, 7 Cir., 142 F.2d 107, cert. den., Raladam Co. v. United States, 323 U.S. 731, 65 S.Ct. 68, 89 L.Ed. 587 (1944); United States v. 18 Cases, etc., 4 Cir., 5 F.2d 979 (W.D.Va.1925).

6. The court in United States v. 935 Cases, etc., 136 F.2d 523 (6th Cir.), cert. den., Ladoga Canning Co. v. United States, 320 U.S. 778, 64 S.Ct. 92, 88 L.Ed. 467 (1943) specifically noted that "there is no element of search or invasion of the privacy of the citizen or of his home involved in the case at bar." Id. at 526. The court in United States v. 75 Cases, etc., 146 F.2d 124 (4th Cir. 1944), cert. den., 325 U.S. 856, 65 S.Ct. 1183, 89 L.Ed. 1976 (1945) stated "the district court found and we agree * * * that permission to inspect the factory was fully and freely given." Id. at 126.

7. 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967).

8. 359 U.S. 360, 79 S.Ct. 804, 3 L.Ed.2d 877 (1959).

9. Id. at 530, 87 S.Ct. at 1732, 18 L.Ed.2d 930.

10. 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).

11. 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967).

ity, fruit, or contraband." [12] In light of these recent decisions abolishing technical distinctions this Court cannot accept a distinction between a civil seizure and a criminal seizure. To paraphrase the Supreme Court's words in Warden v. Hayden: privacy is disturbed as much by a civil seizure like the one in the instant case as it is by a criminal seizure.

■ This case does not concern the seizure of highly dangerous drugs where human life may hinge on the rapidity of seizure. Nor does this case concern seizure of drugs from a public warehouse, a common carrier, or a public place like store shelves. This case does concern and this Court holds that where in order to execute a warrant of arrest in rem federal agents must intrude into a man's private residence and business office the Fourth Amendment's safeguards apply and must be met.

■ Finally, the government contends that even if the seizure is illegal, this illegality is irrelevant since the only question in civil condemnation proceedings is whether or not the articles have violated the law. Such a principle would make the Fourth Amendment's safeguards hollow pronouncements that could be violated with complete impunity. This principle cannot be accepted.

Accordingly, it is ordered and adjudged that

1. The Complaint for Forfeiture be dismissed; [13]

2. The warrant of arrest in rem be quashed; and

3. The Government return the property to the claimant.

12. *Id.* at 301–302, 87 S.Ct. at 1647, 18 L.Ed.2d 782.

13. The procedure in this in rem action is controlled by 21 U.S.C. § 334(b) which states in part: "[T]he procedure in cases under this section shall conform, as nearly as may be, to the procedure in admiralty. * * *" Supplemental Rule C(2)—Admiralty and Maritime Claims,

F.R.C.P. states in part "In actions for the enforcement of forfeitures for violation of any statute of the United States the complaint shall state the place of seizure * * *" The Complaint for Forfeiture does not state the place of seizure and does not allege any facts to excuse the requirement of prior seizure contained in Supplemental Rule C(2).