**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Cleveland S. WARREN, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Leroy RANKIN, Defendant-Appellant.**

**Nos. 19991, 19992.**

United States Court of Appeals, Sixth Circuit.

June 12, 1970.

Charles H. Brown, Detroit, Mich., Court Appointed for appellant Rankin.

James H. Brickley, U. S. Atty., Ralph B. Guy, Jr., Chief Asst. U. S. Atty., Detroit, Mich., for appellee.

Before WEICK and EDWARDS, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

Appellants Warren and Rankin appeal from conviction after jury trial before the United States District Court for the Eastern District of Michigan on three and four counts, respectively, alleging violations of the Federal Alcohol Tax laws.[1] Warren was sentenced to three three-year concurrent terms, with all terms suspended after service of 90 days. Rankin also received concurrent sentences (three of two years; one of one

---

1. Count One alleged that the defendants had possession and custody of an unregistered still, in violation of 26 U.S.C. §§ 5179(a), 5601(a) (1) (1964).

Count Two alleged that the defendants had wilful and knowing possession of unstamped distilled spirits, in violation of 26 U.S.C. § 5604(a) (1) (1964).

Count Three alleged that the defendants "did ferment and have in their possession" mash on unlicensed premises, in violation of 26 U.S.C. §§ 5222(a) (1), 5601(a) (1) (1964).

Count Four alleged that defendant Rankin knowingly delivered raw materials to a distillery at which no sign had been placed, in violation of 26 U.S.C. § 5681 (c) (1964).

year) with all terms suspended after service of 60 days.

█ Fundamental reliance on appeal is placed upon a claim that the Alcohol Tax laws violate appellants' Fifth Amendment rights. This court has recently decided this issue to the contrary in United States v. Whitehead, 424 F.2d 446 (6th Cir. 1970).

Both appellants also contend that the evidence was insufficient to support the jury findings of guilty. As to this issue some recital of the facts is required.

Alcohol Tax Unit officers testified to a surveillance at a house at 549 Montcalm in the city of Detroit between May 29 and June 6, 1968. On various occasions they observed appellant Warren at 549 Montcalm. His Cadillac automobile was seen parked there. On other occasions Warren was seen there in a Chrysler. One of the officers testified that on June 1, 1968, he saw appellant Warren unloading this same Chrysler automobile at an address at 989 Benton in the city of Detroit. The Alcohol Tax Unit officer testified that Warren was unloading five-gallon black plastic containers which appeared to be heavy.

On June 6, 1968, the surveillance team followed appellant Warren while he drove to a neighborhood grocery store, bought three 60-pound sacks of sugar and took them to 549 Montcalm. They saw him, assisted by appellant Rankin, use a wheelbarrow to take these sacks of sugar into the house. They testified that both Warren and Rankin entered a first floor rear door, remained inside for half an hour, and then exited. On that occasion Rankin had some paper bags in his hand which he took to a trash container and burned.

On June 6, 1968, Alcohol Tax Unit officers also testified that for the second time [2] they detected the odor of whiskey mash in the vicinity of 549 Montcalm, and in their judgment, emanating from those premises. On that date the officers went before a United States District Judge and procured a search warrant for the premises. On executing the search warrant, they arrested both appellants at the scene, broke into an apartment in the rear of the first floor, where they found a 400-gallon whiskey still. They also found 900 gallons of fermenting mash. Warren had something over $400 in cash in his possession when he was arrested.

Rankin lived in the basement at 549 Montcalm. He performed some minor caretaker duties there. There is testimony that a key was found in the basement which fitted the lock on the apartment door where the still was discovered.

█ As to appellant Warren, the testimony pertaining to his presence at these premises where he did not live and where the still was ultimately discovered, coupled with the testimony concerning the unloading of heavy black plastic containers, plus the testimony of his purchase of three 60-pound bags of sugar and delivering them to the house on Montcalm combined to supply sufficient evidence from which the jury could have inferred appellant Warren's guilt on the possession counts of the indictment laid against him.

██ As to appellant Rankin, however, the evidence is less substantial and inadequate in our judgment to support a finding of guilt beyond reasonable doubt as to the custody and possession counts (Counts 1, 2 and 3). Mere presence at the site of an illegal distillery may be proof from which participation in an illegal enterprise may be inferred. But it takes some evidence as to a defendant's specific function concerning the enterprise to support counts alleging possession and custody. United States v. Romano, 382 U.S. 136, 141, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965); Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L. Ed. 818 (1947). There was, however, testimony of Rankin assisting Warren in carrying sugar into the premises where the still was found. This is evi-

---

2. There was similar testimony as to a surveillance on June 3, 1968.

dence from which the jury could have inferred his guilt on the fouth count charging knowing delivery of raw materials to an illegal distillery.

We find no other substantial issue presented in this appeal and no reversible error in the admission of evidence or delivery of the charge.

The judgment of the District Court is affirmed as to appellant Warren on all three counts, and as to appellant Rankin on Count Four. The judgment of conviction as to appellant Rankin is vacated as to Counts One, Two and Three.