**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James S. REIFF, Defendant-Appellant.**

**No. 18148.**

United States Court of Appeals, Seventh Circuit.

Nov. 5, 1970.

Certiorari Denied March 1, 1971.

See 91 S.Ct. 929.

**258**

George P. Roberts, Hammerschmidt, Bonewitz & Roberts, South Bend, Ind., for defendant-appellant.

William C. Lee, U. S. Atty., Richard L. Kieser, Asst. U. S. Atty., Fort Wayne, Ind., for plaintiff-appellee.

Before HASTINGS, Senior Circuit Judge, and FAIRCHILD and CUMMINGS, Circuit Judges.

HASTINGS, Senior Circuit Judge.

Defendant was charged in an information with a violation of Title 21, U.S.C.A. § 331(q)(4) for failure to keep a complete and accurate record of and with respect to certain depressant and stimulant drugs.[1] He was represented at all times by competent privately employed counsel. He properly waived his right to trial by jury.

Prior to trial, pursuant to Rule 12(b)(1), Federal Rules of Criminal Procedure, Title 18 U.S.C.A., defendant moved to dismiss the action upon the general ground that his prosecution under section 331(q)(4) was a denial of his Fifth Amendment privilege against self-incrimination.[2]

After a full hearing in open court, defendant's motion to dismiss was denied. A trial to the court, without the intervention of a jury, immediately followed. Defendant was found guilty and thereafter was sentenced to a term of one year, six months to be served and the remaining six months on pro-

---

1. The body of the brief information reads: "That on or about the 3rd day of December, 1968, in the Northern District of Indiana, JAMES STANLEY REIFF did knowingly engage in the selling and disposing of certain depressant and stimulant drugs, and being so engaged, did fail to keep a complete and accurate record with respect to such drugs, in violation of Section 331(q)(4), Title 21 of the United States Code."

2. The substance of the motion to dismiss reads: "1. * * * The defendant herewith invokes his Fifth Amendment privilege against self-incrimination as a complete and absolute defense to said charge on the grounds that the keeping of said records might tend to incriminate the said defendant or might constitute a link in the chain of proof required to convict the defendant of a crime under the laws of the United States or under the laws of the State of Indiana. Defendant relies upon Leary v. United States, 37 L.W. 4397 [395 U.S. 6, 89 S.Ct. 1532, 23 L. Ed.2d 57] ; Marchetti v. United States, 390 U.S. 39 [88 S.Ct. 697, 19 L.Ed.2d 889] ; Grosso v. United States, 390 U.S. 62 [88 S.Ct. 709, 19 L.Ed.2d 906] ; Haynes v. United States, 390 U.S. 85 [88 S.Ct. 722, 19 L.Ed.2d 923]."

bation. Defendant appealed. We affirm.

On appeal, defendant raises two issues, the denial of his invocation of the privilege against self-incrimination as a defense to the charge and his contention that the evidence submitted was insufficient to sustain his conviction.

On our examination of the entire record, we conclude the trial court would have been justified in finding that defendant was an Indiana licensed osteopathic physician and as such was entitled to have and to dispense the drugs involved. Between the years 1966 and May, 1968, defendant purchased and received some 98,100 dosage units of controlled drugs from certain recognized distributors of the same. On June 13, 1968, an inventory of drugs on hand was made by Agent Jackson of the Federal Bureau of Narcotics and Dangerous Drugs. This inventory disclosed there were approximately 3,780 dosage units of controlled drugs in defendant's possession. After May, 1968, defendant made one additional purchase of controlled drugs in an amount unspecified. Agent Kline examined defendant's premises on December 3, 1968 and found no beginning inventory of drugs as required by law, nor did he find any records relating to the disposition of the controlled drugs which came into defendant's possession. Agent Strieff identified from the records in evidence the character of the drugs so received by defendant and that they were controlled drugs within the purview of the Federal Food, Drug and Cosmetic Act, 21 U.S.C.A. § 301, et seq.

At the conclusion of the government's case in chief, defendant rested his case without testifying or offering any evidence in his own defense.

Section 331 of Title 21 lists prohibited acts under the Federal Food, Drug and Cosmetic Act and in relevant part provides:

"§ 331. Prohibited acts

The following acts and the causing thereof are prohibited:

* * * * * *

(q) * * * (4) the failure to prepare or obtain, or the failure to keep, a complete and accurate record with respect to any drug as required by section 360a(d) of this title; * * *."

Section 360a is concerned generally with depressant and stimulant drugs and subsection (d) relates to records; inspection; rights of agents to enter, notice, scope, inventory, receipt for samples taken; and exemption of practitioners. The drugs identified in evidence in this case come within the reach of section 360a(d) as set out in section 331(q)(4), *supra*. Further, defendant as a licensed practitioner regularly engaged in dispensing such drugs to his patients for charge, is of the class *not* exempted from the record keeping requirements of the Act.

Simply stated, defendant is charged with failing to keep required records with respect to depressant and stimulant drugs received and dispensed by him in the regular course of his medical practice. He is *not* charged with the illegal sale of such drugs, but solely with the failure to keep such records.

As above stated, defendant first charges that the record keeping requirements of section 331(q)(4) violate his Fifth Amendment privilege against self-incrimination. He relies upon the authority of Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969) and the preceding holdings in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968). The short answer to this contention is that defendant, as do so many others, misreads the import of *Leary* and the *Marchetti* trilogy, and his complete reliance upon them is misplaced.

The records required by section 331(q)(4) are not records of an unlaw-

ful activity, thus compelling the disclosure of a crime. Rather, they are required records of a lawful professional activity in dealing with dangerous drugs under the Act. This legislation is a part of the authorized governmental plan regulating the legitimate drug industry from manufacturing to dispensing controlled drugs.

There is no claim here that records kept by defendant would have disclosed the commission of a crime in the unlawful disposition of controlled drugs. There is no claim that defendant unlawfully disposed of such drugs. The sole charge is that having had and disposed of such drugs, defendant kept no inventory and disposal records. This is not within the proscriptions of *Leary, Marchetti, Grosso* and *Haynes, supra. Cf.* United States v. Warren, 6 Cir., 428 F.2d 15, 17 (1970), citing United States v. Whitehead, 6 Cir., 424 F.2d 446 (1970).[3]

█ Finally, on the Fifth Amendment question, in the argument on the motion to dismiss and on trial, defendant makes a gratuitous reference to the fact that "there is already the criminal charge against the Defendant in the State Court of Indiana of which he has been convited [sic], and which is now on appeal to the Indiana Supreme Court, and I would rely upon the cases cited in our Motion to Dismiss." We fail to see where any conviction of defendant for violation of the so-called Indiana Dangerous Drug Act has any relevance in the matter now before us on appeal.

Defendant's second ground for reversal is predicated on his assertion that his conviction is not sustained by sufficient evidence. We find no merit in this contention. Our reading of the evidence of the ten witnesses representing firms in the drug industry who had business dealings with defendant in his purchase and receipt of the known 98,100 dosage units of controlled drugs, the documentary evidence of such business transactions, together with the testimony of the three federal agents who investigated this case, conclusively shows that the trial court was amply justified in finding defendant was not a member of any exempt class and in further finding him guilty of the offense charged.

To say there was a fatal absence of proof that defendant was a duly licensed practicing physician or to say there is no proof that he disposed of the controlled drugs he possessed in the regular course of his practice, for charge, is to completely ignore the "realities of the circumstances here presented [which] serve only to highlight the artificiality of the defendants' arguments concerning burden of proof and insufficiency of the evidence." United States v. Rowlette, 7 Cir., 397 F.2d 475, 480 (1968).

Further, *Rowlette, supra,* concerned with convictions under 21 U.S.C.A. § 360a(b), and citing McKelvey v. United States, 260 U.S. 353, 357, 43 S.Ct. 132, 67 L.Ed. 301 (1922); United States v. Safeway Stores, 9 Cir., 252 F.2d 99, 101 (1958); and United States v. Davis, 7 Cir., 281 F.2d 93, 97 (1960) convincingly answers the contention here that the government had the burden and failed to prove that defendant was not within the class exempted from the record keeping requirements of § 360a(d). See also United States v. Undetermined Quantities of D. or S. Drugs, D.C.S.D. Florida, 282 F.Supp. 543, 544–545 (1968).

Even if it could be shown that the government had such a burden, considering the evidence here in the light most favorable to the prosecution, Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), we would conclude that such burden was discharged.

In sum, defendant acquired and dispensed the controlled drugs in question and failed to keep the records required by the Act. His judgment of conviction and sentence will be affirmed.

Affirmed.

3. See a recent decision of this court in Lauchli, Jr. v. United States of America, 7 Cir., 432 F.2d 1207 (1970).