**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Willie Alro KELLY, Defendant-Appellant.**

**No. 73–1935.**

United States Court of Appeals,
Seventh Circuit.

Argued April 5, 1974.

Decided July 9, 1974.

Larry T. Miller, Robert J. Schmoll, Jr., Fort Wayne, Ind., for defendant-appellant.

John R. Wilks, U. S. Atty., Fort Wayne, Ind., for plaintiff-appellee.

Before FAIRCHILD, CUMMINGS and STEVENS, Circuit Judges.

CUMMINGS, Circuit Judge.

A two-count indictment was returned against defendant, charging him with distributing heroin on April 12 and May 1, 1973, in violation of 21 U.S.C. § 841(a)(1).[1] The jury found him guilty on both counts. He was given a 10-year sentence on Count I, plus a 3-year special parole term. An identical concurrent sentence was imposed on Count II.

The only issue raised on appeal is whether a portion of the court's instruction 7, which was based on 21 U.S.C. § 885(b), was improper. Instruction 7 provided in pertinent part:

"In the absence of proof that a person is the duly authorized holder of an appropriate registration issued under the law involved in this case, he shall be presumed not to be the holder of such registration." [2]

■ Defendant attacks the presumption contained in the instruction and the fountainhead statute, claiming it violates his Fifth Amendment rights. However, we have twice held to the contrary with respect to an analogous provision of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 360a, now repealed). United States v. Rowlette, 397 F.2d 475 (7th Cir. 1968); United States v. Reiff, 435 F.2d 257 (7th Cir. 1970), certiorari denied, 401 U.S. 938, 91 S.Ct. 929, 28 L.Ed.2d 217. We adhere to those rulings.

As Judge Castle pointed out in *Rowlette,* the exception for authorized dealers may be equated with affirmative defenses. The percentage of heroin defendants who can make a plausible claim of registration is undoubtedly so low that it would be a substantial waste of resources to require the Government to prove non-registration in every case. It would be readily within defendant's knowledge whether he had obtained an annual registration from the Attorney General, so that he could be fairly expected to adduce such proof. As noted in *Rowlette,* the Fifth Amendment is not violated because defendant's exempt status could easily be established from a source independent of his own testimony.

■ Defendant relies on Leary v. United States, 395 U.S. 6, 29–54, 89 S. Ct. 1532, 1548, 23 L.Ed.2d 57. Following Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519, the Court there held that a presumption is valid in a criminal case only when the fact presumed "is more likely than not to flow from" the fact on which the presumption is based. 395 U.S. 36, 89 S.Ct. 1548. Defendant's reliance is misplaced for two reasons. Most important, the presumption in *Leary* went to the burden of persuasion; here only the burden of going forward with the evidence is shifted. Second, we understand the *Leary* opinion to be limited to so-called elements of the offense, and not to prevent Congress from creating affirmative defenses as to which the defendant bears the burden of going forward. *Tot,* on which *Leary* relied, was distinguished on this basis in Leland v. Oregon, 343 U.S. 790, 799, 72 S.Ct. 1002, 96 L.Ed. 1302. *Leland* held that it did not offend due process for the state to require defend-

---

1. 21 U.S.C.A. § 841(a)(1) proscribes the distribution of controlled substances such as heroin "Except as authorized by this subchapter" through registration with the Attorney General and pursuant to order forms he prescribes (21 U.S.C.A. §§ 822 and 828).

2. 21 U.S.C.A. § 885(b), on which this instruction was based, provides:

"In the absence of proof that a person is the duly authorized holder of an appropriate registration or order form issued [by the Attorney General] under this subchapter, he shall be presumed not to be the holder of such registration or form, and the burden of going forward with the evidence with respect to such registration or form shall be upon him."

ants to prove insanity beyond a reasonable doubt, because sanity was not an element of the offense. *Leland* dealt with the burden of persuasion, and there is some current debate whether it was overruled *sub silentio* in In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368, with the focus in large part on whether sanity is an element of various offenses. See the conflicting opinions and collected authorities in United States v. Greene, 489 F.2d 1145 (D.C.Cir. 1973).

We need not join that debate. We refer to *Leland* only to indicate the distinction between elements of an offense and affirmative defenses. Even if *Leland* has been undercut with respect to the burden of persuasion, no doubt has been cast on its conclusion that the burden of going forward as to insanity is on defendant. 343 U.S. at 799, 72 S.Ct. 1002. And see Justice Frankfurter, joined by Justice Black, dissenting, *id.* at 804, 72 S.Ct. at 1010. More generally, we know of no authority suggesting that the state must disprove unlikely defenses in every case without waiting for defendant to raise them as issues. This is the distinction drawn in *Rowlette* by equating affirmative defenses to the principle established in McKelvey v. United States, 260 U.S. 353, 357, 43 S. Ct. 132, 134, 67 L.Ed. 301, that if a defendant comes within "an exception made by a proviso or other distinct clause," he must set it up and establish it as a defense.

■■ We do not mean to avoid the issue by hiding behind conclusory labels. Unless defendant distributed the heroin he possessed, the crime charged has not been committed. Similarly, unless he failed to register with the Attorney General, the crime has not been committed. The labels "element" and "affirmative defense" alone do not tell us why distribution is an element of the offense which the Government must always prove, whereas non-registration is not an element and need be proved only if the defendant first offers evidence of the affirmative defense of registration. Allocating the burden of going forward is generally a matter for the legislature, although the due process clause may impose some limits on legislative discretion in this area. Constitutionally, it is immaterial whether Congress chose to state a rule and its exception in one clause or in separate clauses.

The legislative intent here is quite clear. The burden of going forward with the evidence as to registration is explicitly placed on defendants. Once it is recognized that the legislature can create affirmative defenses, no plausible contention can be made that registration with the Attorney General cannot be so treated. The widespread illicit sales of narcotics support this Congressional technique of winnowing the illegitimate from the legitimate distributors of drugs. More importantly, there is no unfairness in this presumption for the reasons stated in the fourth paragraph of this opinion.

Judgment affirmed.

STEVENS, Circuit Judge (concurring).

In my judgment, the distinction between an element of an offense and an affirmative defense is not unclear. Nor do I find anything confusing about differentiating between a requirement that an inculpatory fact must be proved and a requirement that an exculpatory fact need not be negated. Therefore, except for the portion of the opinion expressing concern about "hiding behind conclusory labels," I join in Judge Cummings' opinion.