**Burden of Proof in Drug Offenses**

REITER, Special Deputy Attorney General, YAKOWICZ, Solicitor General, and KANE, Attorney General, July 30, 1975 — You have inquired as to whether the Commonwealth is required, in prosecutions under the Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P.L. 233 (No. 64), sec. 13(a)(30), 35 P.S. §780-113(a)(30) (hereinafter the "Controlled Substance Act"), to plead and prove that defendant is not registered under the act or licensed as a practitioner by the appropriate State board.

You are advised that the Commonwealth is not so required and that section 21 of the Controlled Substance Act places the burden of proving such status upon defendant.

The Pennsylvania Supreme Court's decision in Commonwealth v. McNeil, 461 Pa. 709, 337 A. 2d 840, that lack of a license to carry a firearm is an element of the criminal offense defined by section 628(e) of the Uniform Firearms Act of June 24, 1939, P.L. 872, sec. 628(e), as amended, 18 P.S. §4628(e), which must be proved by the Commonwealth does not control the issue of the burden of proof under the Controlled Substance Act.

It is important to note that in McNeil the court did not overturn, either expressly or sub silentio, prior Pennsylvania cases under The Drug, Device and Cosmetic Act of September 26, 1961, P.L. 1664, 35 P.S. §780-1 et seq., and the Anti-Narcotics Act of July 11, 1917, P.L. 758, 35 P.S. §851 et seq. (repealed), which cases placed the burden of proving any exemption or exception on the defendant: Commonwealth v. Aikens, 179 Pa. Superior Ct. 501, n. 1 (1955); Commonwealth v. Higgs, 51 Luz. 223 (1961); Commonwealth v. Buck, 33 Northumb. 42 (1961).

The court was persuaded to reach its conclusion in McNeil on the basis of the structure of the statute and the nature of the prohibition: McNeil, supra, at 715. Both points distinguish the two acts; therefore, the McNeil holding is limited to Uniform Firearms Act.

Section 628(e) of the Uniform Firearms Act, 18 P.S. §4628(e) 1974[1] provides:

"No person shall carry a firearm in any vehicle or concealed on or about his person, except in his place of abode or fixed place of business, without a license therefor as hereinafter provided."

Section 13(a)(30) of the Controlled Substance Act, 35 P.S. §780-113(a)(30), prohibits:

"the . . . delivery . . . [of] a controlled substance by a person not registered under this act, or a practitioner not registered or licensed."

Although both statutes exempt a certain class of persons of a particular status, i.e., license-holders, from the operation of the statute, section 21 of the Controlled Substance Act, 35 P.S. §780-121, further provides:

"In any prosecution under this act, it shall not be necessary to negate any of the exemptions or exceptions of this act in any complaint, information or trial. The burden of proof of such exemption or exception shall be upon the person claiming it."

The Uniform Firearms Act contains no provision which expressly allocates the burden of proving statutory exceptions and exemptions to defendant. In the area of proving a license to possess controlled substances, section 21 puts into statutory form

---

1. This section is in Act of December 6, 1972, P.L. 1068 (No. 334), and now located at 18 Pa. C.S. §6106(a).

what had been the common-law rule. See 9 Wigmore on Evidence (3d ed.), section 2512, n. 4, p. 417. The reasoning is based upon the proposition that the burden of proof ought to be allocated to the party in the best position to prove the fact. Under most circumstances, and under section 13(a)(30), the person pleading an affirmative defense is in the best position of proving the existence of that defense.

The section 21 exemptions and exceptions are not to be confused with elements of the crime upon which the Commonwealth clearly has the burden of proof: Commonwealth v. Stoffan, 228 Pa. Superior Ct. 127, 323 A. 2d 318 (1974). In Stoffan, the Superior Court held that the legislature had not intended to include actual elements of a crime within the "exceptions" clause of section 21. Section 13(a)(14) of the act prohibits prescription of controlled substances "except after a physical or visual examination . . . or except where the practitioner is satisfied by evidence that person is not a drug dependent person." According to the Superior Court, these "except" clauses do not define defenses, but rather define necessary elements of the crime of unlawful prescription which the Commonwealth must prove.

However, the section 13(a)(14) "except" clauses are distinguishable from the license or registration exception in section 13(a)(30), a distinction which Judge Spaeth recognized in his opinion in Stoffan. Section 13(a)(30) involves a question of mere status, while section 13(a)(14) involves a practitioner's method of practice, a much heavier burden for a defendant to carry.

The test applied in Stoffan was adopted from Commonwealth v. Neal, 78 Pa. Superior Ct. 216 (1922), which held that where an exception is in-

corporated in a statute defining an offense, if the ingredients of the offense cannot be accurately and clearly described if the exception is omitted, then an indictment must allege enough to show that the accused is within the exception. Otherwise, reference to it may be omitted. Id. at 219.

By application of this test, the offense in section 13(a)(30) could be accurately and clearly described without reference to the license-holder exception. But without reference to the standards by which proscriptions must be based, the offense in section 13(a)(14) could not be.

Therefore, section 21 applies to the license exception in 13(a)(30) which sufficiently distinguishes it from the Uniform Firearms Act interpreted in McNeil, supra.

The nature of the prohibition in the Uniform Firearms Act, section 628(e), 18 P.S. §4628(e), is also distinguishable from that in the Controlled Substance Act, sec. 13(a)(30), 35 P.S. §780-113(a)(30). The legislative intent in the former is not to prohibit generally the possession of firearms, but rather to encourage licensing of the firearms. But since the latter is an outright proscription of possession with intent to deliver and delivery of controlled substances and is not primarily designed to compel registration, the exceptions to the outright proscription need not be negated by the Commonwealth. See U.S. v. Young, 422 F. 2d 302, 306, n. 11 (8th Cir., 1970).

The correct statement of law on this point is to be found in Commonwealth v. Williams, 74 Lack. Jur. 150 (1973), in which it was held that defendant had the burden of proving section 13(a)(30) exceptions on the basis of section 21.

The Federal cases are in accordance with this reasoning. Exceptions to general provisions defin-

ing the elements of an offense need not be negatived by the government, and one who relies upon such an exception must set it up and establish it: McKelvey v. U.S., 260 U.S. 353, 357 (1922).

Prior to 1970, the Federal drug laws contained no provision analogous to section 21. Nevertheless, the Federal courts interpreted statutes analogous to section 13(a)(30) as allocating the burden of proving exceptions of status to defendant: U.S. v. Rowlette, 397 F. 2d 475 (7th Cir., 1968) interpreting 21 U.S.C. §§360a(c), 360a(d)(3) (exceptions for personal use, administration to animals and for physicians. Repealed. Pub. L. 91-513, Title II, §701(a), October 17, 1970, 84 Stat. 1281).

See U.S. v. Undetermined Quantities of Depressant or Stimulant Drugs, 282 F.Supp. 543 (D. Fla., 1968), interpreting the same provisions, where the court wrote:

"[I]t is unreasonable in the absence of a statutory command to force the government to negative possible exemptions of all potential and perhaps unknown claimants when the facts concerning exemptions are particularly within the knowledge of potential claimants." Id., at 545.

See also Tritt v. U.S., 421 F. 2d 928 (10th Cir., 1970); U.S. v. Reiff, 435 F. 2d 257 (7th Cir., 1970); and U.S. v. White, 463 F. 2d 18 (9th Cir., 1972) (defendant must affirmatively plead valid physician's prescription).

21 U.S.C. §885(a)(1) now provides that defendant has the burden of going forward with the evidence on exceptions and exemptions under the Controlled Substances Act, Pub. L. 91-513, Title II, October 27, 1970, 84 Stat. 1242, et seq. (21 U.S.C. §§801-904). 21 U.S.C. §885(b) provides specifically that the burden of going forward with evidence as

to being a holder of an appropriate registration or order form is on defendant under the Controlled Substances Act.

Allocating to defendant the burden of proof as to exceptions and exemptions does not violate defendant's Fifth Amendment privilege against self-incrimination, since he may prove his license by means other than testifying himself: Rowlette, supra; U.S. v. Kelly, 500 F. 2d 72 (7th Cir., 1974).

Accordingly, you are advised that the Commonwealth is not required to plead or prove that a defendant under section 13(a)(30) of the Controlled Substance Act is not registered under the act or licensed as practitioner by the appropriate State board.