**Mark A. COOPER, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 3–978A220.**

Court of Appeals of Indiana,
Fourth District.

July 9, 1979.

---

Donald C. Swanson, Jr., Ft. Wayne, for appellant.

Theodore L. Sendak, Atty. Gen., Kenneth R. Stamm, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Judge.

Defendant-Appellant Mark A. Cooper appeals his conviction after a bench trial, for Theft by Deception under IC 35–17–5–10,[1] for issuing a check on an account with insufficient funds. Cooper argues that the evidence was insufficient to show (1) that he issued and delivered the check knowing

---

1. "A person commits a crime when:

 \* \* \* \* \* \*

(2) he issues or delivers a check or other order upon a credit institution or person for the payment of money or other property, knowing that it will not be paid or honored by the drawee. The fact that the drawer has insufficient funds in or has no account with the drawee credit institution shall create an inference that the actor knew that it would not be paid or honored by the depositor. However, in the event the maker or drawee has an account in such credit institution but does not have sufficient funds in said account, he shall not have committed a crime under this section of the chapter if he shall have paid the drawee thereof the amount due thereon, together with protest fees, within ten [10] days after receiving written notice that such check, draft or order has not been paid by the drawee. Notice sent to the maker or drawer at the address printed or written on the check or order, or to the address given in writing to the recipient at the time the check or order was issued or delivered, is sufficient notice that the check was not honored". IC 35–17–5–10, repealed, effective October 1, 1977. For current law see IC 35–43–5–5.

it would not be honored by the bank due to insufficient funds, and (2) that he had individual criminal liability because the check was issued for a corporate purchase and signed by him as a representative of the corporation.

We affirm.

The facts most favorable to the State are as follows: Cooper was employed by Advance Custom Builders, Inc. (Advance), a construction corporation. Although his specific capacity within the corporation was not established, the record reflects he was empowered to write checks on Advance's checking account. On September 23, 1976, Cooper delivered the corporate check in question, which he had personally signed, to a subordinate employee of Advance. The employee was to purchase building materials and fill in the amount and payee on the check. The check in the amount of $77.21 was delivered to Sutherland Lumber Company (Sutherland). After the check had been dishonored and, together with three other Advance checks signed by Cooper,[2] returned, Sutherland, by certified letter addressed to Advance at the address printed on the checks, attempted to give notice of the four returned checks. This certified letter was returned marked "Addressee Unknown". Sutherland also attempted to send notice to Cooper, apparently at his home address, by certified letter but this letter was also returned marked "Unclaimed".

The drawee bank records revealed that on September 23, 1976, the date the check in question was written, Advance's account was overdrawn in the amount of $163.21, despite a $300.00 deposit made on that date. Also, the bank had returned as many as ten checks to various payees during the week of September 23, 1976.

## ISSUE I

 Cooper first alleges that there was no substantive evidence showing he had the requisite knowledge that the check would be dishonored. In reviewing the sufficiency of the evidence we do not weigh the evidence or judge credibility. We consider only that evidence most favorable to the State, together with reasonable and logical inferences to be drawn therefrom. When there is substantial evidence of probative value supporting the verdict, the conviction will not be set aside. *Cummings v. State* (1979), Ind., 384 N.E.2d 605; *Henderson v. State* (1976), 264 Ind. 334, 343 N.E.2d 776.

 Under the provisions of IC 35–17–5–10, *supra*, it was necessary for the State to present evidence tending to show Cooper had knowledge that the check, when presented to the drawee bank for payment, would not be paid or honored.[3] In the present case there was evidence that as many as ten checks had been returned to Advance during the week of September 23, 1976, and that the bank account was substantially overdrawn despite a deposit of $300.00 on the day the check in question was presented.[4] Further, pursuant to IC 35–17–5–10, *supra*, "[t]he fact that the drawer has insufficient funds in or has no account with the drawee credit institution shall create an inference that the actor knew that it would not be paid or honored by the depositor[y]". Such inference "requires that the facts on which it is based shall be treated as prima facie evidence of the fact inferred, with the following consequences among others: (a) In the absence

2. The four checks totalled $381.66.

3. In Construing an earlier "bad check" statute (§ 10–2105 Burn's 1956 Repl.) with language substantially the same as that before us, our Supreme Court stated "[t]he offense is not for executing a check, when there are insufficient funds in the bank to pay it. The offense is for executing a check 'knowing at the time' of such execution that the maker 'has not sufficient funds in or credit with such bank * * * for the payment of such check * * *.' " *Borton*

*v. State* (1952), 230 Ind. 679, 106 N.E.2d 392, 394.

4. Knowledge of insufficient funds is also imputed where, at the time the check is issued, the fund is sufficient but the drawer knows he has already drawn checks against the fund sufficient to deplete it before the last check can be presented for payment. *Huffman v. State* (1933), 205 Ind. 75, 185 N.E. 131, 135.

of evidence to the contrary the fact inferred is sufficiently proved to take a case to the finder of facts, either court or jury."[5] In his Brief, Cooper has not contested the effect of this statutory inference. Therefore, the statutory inference of knowledge coupled with other evidence presented by the State was sufficient to establish Cooper's "knowledge" that the checks would not be honored by the bank.

## ISSUE II

Cooper finally argues the State failed to establish his individual criminal liability because he was acting on behalf of the corporation. The parties have not cited, nor has research disclosed, a criminal case in this jurisdiction concerning Cooper's theory, that is, whether a person issuing a worthless check while acting in a representative capacity is excused from criminal liability. However, the general rule is contrary to Cooper's contention and is set out in Annot., 68 A.L.R.2d 1269 (1956)[6] at page 1271 as follows:

"As a general rule, where a corporate officer issues a worthless check in the corporate name he may be held personally liable for violating a penal statute imposing criminal penalties on anyone who, with intent to defraud another of money or property, draws or issues a check on any bank with knowledge that he has not sufficient funds in such bank to meet the check on presentment.

\* \* \* \* \* \*

Generally, such personal liability has been predicated on the principle that a corporate officer cannot shield himself from criminal responsibility for his own act on the ground that it was the act of the corporation and not his personal act, and, therefore, a contention that he is not personally liable because he signed the check merely as agent for the corporation or because the corporation, not the officer, is the actual maker of the check, is without merit."

We feel this general rule is in keeping with the legislative intent of IC 35-17-5-10, *supra.* Cooper's argument that the State failed to establish his exact duties with the corporation, while true, does not affect his criminal liability for issuing the check in question since the statute clearly includes any person who issues a check *knowing* it will not be honored upon presentment. We see no reason to create an exception to the general rule of criminal liability for checks issued in a representative capacity. As was stated in *State v. Cooley, supra,* a case interpreting a statute with similar import:

"There is no language in the statute which exempts from its operation a person who shall obtain money or property with fraudulent intent by means of a check which he draws or makes in a representative capacity. If he draws the check as the representative or officer of a corporation, he is none the less the maker or drawer within the contemplation of this statute, and the fraud which the statute is designed to prevent is personal to him. There is no doctrine of agency in the criminal law which will permit an officer of a corporation to shield himself from criminal responsibility for his own act on the ground that it was the act of the corporation and not his personal act."

Here, Cooper was the maker of the check which defrauded Sutherland. To hold that he is not criminally liable would, under these circumstances, emasculate the purpose behind the statute. As noted earlier, the State presented prima facie evidence sufficient to submit the cause to the trial

---

**5.** IC 35-17-5-13(7) Repealed, effective October 1, 1977. For current law see IC 35-43-5-5(c).

**6.** The following are cited in the Annotation as supporting authorities: *People v. Newell* (1923), 192 Cal. 659, 221 P. 622; *Clifton v. State* (1958), 51 Del. 339, 145 A.2d 392; *State v. Doudna* (1939), 226 Iowa 351, 284 N.W. 113; *People v. Siman* (1922), 119 Misc. 635, 197 N.Y.S. 713; *Re Hertz* (1954), 161 Ohio St. 70, 117 N.E.2d 925, *cert. den.* 347 U.S. 957, 74 S.Ct. 685, 98 L.Ed. 1102 (1954); *State v. Stemen* (1951), 90 Ohio App. 309, 106 N.E.2d 662, *cert. den.* 342 U.S. 949, 72 S.Ct. 564, 96 L.Ed. 705 (1952); *State v. Cooley* (1918), 141 Tenn. 33, 206 S.W. 182.

court. Cooper was not foreclosed thereby from presenting evidence indicating that, due to his limited duties and responsibilities within the corporation, he did not have sufficient knowledge of its financial status to render him culpable under the statute. He made no such presentation.

The judgment of the trial court is affirmed.

CHIPMAN, P. J., and YOUNG, J., concur.