**Terry D. WALKER, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 3–883A270.**

Court of Appeals of Indiana, Third District.

Aug. 29, 1984.

John Martin Smith, Auburn, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaefer Good, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Presiding Judge.

Walker was convicted of check deception under Ind.Code 35–43–5–5(a) [1] which provides:

> "A person who knowingly or intentionally issues or delivers a check, draft, or order on a credit institution for the payment of or to acquire money or other property, knowing that it will not be paid or honored by the credit institution upon presentment in the usual course of business, commits check deception, a class A misdemeanor."

On appeal, he raises the following issues: [2]

(1) Whether the court erred in denying Walker's Motion for Discharge because he was not brought to trial within one year of his arrest;

(2) Whether Walker should be shielded from criminal liability because the dishonored check which he signed was made on a corporate account and Walker signed only in his representative capacity;

(3) Whether the statutory presumption in IC 35–43–5–5(c) that one who writes a check which is subsequently dishonored knew it would be dishonored unconstitutionally shifts the bur-

---

1. 1984 Burns Cum.Supp.

2. The issues have been consolidated and restated. We will not review Walker's allegations that certain State's exhibits were erroneously admitted at trial because he has not provided us with a record of the trial proceedings. *Glenn v. State* (1972), 154 Ind.App. 474, 290 N.E.2d 103, 107.

den of proof to the criminal defendant;

(4) Whether the trial court abused its discretion by imposing unreasonable conditions of probation; and

(5) Whether the court abused its discretion in failing to fix the amount of restitution and the manner of performance.

Conviction affirmed; remanded with instructions to fix the restitution in an amount not exceeding that which Walker can or will be able to pay, and to fix the manner of performance.

## I.

### Speedy Trial

Walker contends the court erred in denying his Motion for Discharge under Ind. Rules of Criminal Procedure, Rule 4(C). The rule provides:

"No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Any defendant so held shall, on motion, be discharged."

Walker was arrested September 14, 1981 but was not brought to trial until one year and five months later. The record shows that a delay of forty-two days was attributable to Walker's Motion to Quash, and that a delay of one hundred twenty-five days occurred when the court on its own motion continued the cause twice: first because of inclement weather and second because of a scheduling conflict. One hundred forty-seven days of the delay was due to the State's Motion for Continuance.

■ To determine whether or not Walker was denied his right to be brought to trial within one year, we will first add to the deadline the length of the delays caused by Walker's motion (42 days) and by the court's continuances (125 days). *Little v. State* (1981), Ind., 415 N.E.2d 44, 45; *Dunville v. State* (1979), 271 Ind. 393, 393 N.E.2d 143, 146. Thus, the State's deadline for bringing Walker to trial was extended to one year and one hundred sixty-seven days. Walker was tried within that time. He was not denied a speedy trial.

## II.

### Representative Capacity

Walker wrote the check on a corporate account. He argues that, because he signed the corporation's check as its representative, he cannot be liable under the criminal "bad check" statute. The same argument was rejected in *Cooper v. State* (1979), 181 Ind.App. 275, 391 N.E.2d 841, 844–45.

■ The appellant in *Cooper* was convicted under a prior check deception statute[3] for knowingly issuing a bad check which he had signed on behalf of a corporation. The court in *Cooper* stated a general rule that a corporate officer who issues a worthless check in the corporate name may be held personally liable under a criminal check deception statute. *Id.* at 844. The court reasoned as follows:

"There is no language in the statute which exempts from its operation a person who shall obtain money or property with fraudulent intent by means of a check which he draws or makes in a representative capacity. If he draws the check as the representative or officer of a corporation, he is none the less the maker or drawer within the contemplation of this statute, and the fraud which the statute is designed to prevent

---

**3.** Ind.Code 35–17–5–10, repealed October 1, 1977.

is personal to him. There is no doctrine of agency in the criminal law which will permit an officer of a corporation to shield himself from criminal responsibility for his own act on the ground that it was the act of the corporation and not his personal act."

*Id., quoting State v. Cooley* (1918), 141 Tenn. 33, 206 S.W. 182. Walker was not improperly convicted for check deception.

## III.

### Statutory Presumption

Ind.Code 35-43-5-5(c) provides in part:

"The fact that a person issued or delivered a check, draft, or order, payment of which was refused by the drawee, constitutes prima facie evidence that the person knew that it would not be paid or honored."

Walker argues, without citation to authority, that this presumption of knowledge unconstitutionally shifts the burden of proof to the criminal defendant. We disagree.

■ A presumption is valid in a criminal case when the fact presumed is more likely than not to flow from the fact on which the presumption is based. *United States v. Kelly* (1974), 500 F.2d 72 (7th Cir.). Walker has offered nothing to persuade us that one who issues a dishonored check does not more likely than not know the check will be dishonored. Instead, he makes the bald assertion that there is no rational nexus between the act of issuing a "bad check" and the presumption of knowledge. We are not convinced that there is not a rational connection between the two. The statute properly shifts the burden of production to the defendant to show that he did not have the requisite knowledge. *Id. See also, Cooper, supra,* 391 N.E.2d at 844-45.

## IV.

### Conditions of Probation

Walker was sentenced to a one year term. He was ordered to serve five days each month and the balance of the jail term was suspended. The court granted probation on the condition: that Walker make restitution either in cash or by labor;[4] that he hire an accountant; that he apologize to the victims; that he refrain from leaving the state; that he refrain from handling banking accounts; that he refrain from committing criminal offenses; that he seek employment; that he inform the probation department regarding his bankruptcy proceedings; and, that he pay a fine if restitution is not accomplished.

■ Walker claims the conditions of probation are contradictory and unreasonable. However, he has not shown us how the conditions of probation are contradictory and unreasonable. The trial court is vested with broad discretion in granting probation and formulating the conditions of probation. *Hoffa v. State* (1977), Ind.App., 358 N.E.2d 753, rev'd on other grounds, 267 Ind. 133, 368 N.E.2d 250.

■ Ind.Code 35-38-2-2[5] lists the following examples of conditions of probation which a court may impose:

"(a) As conditions of probation, the court may require the person to do any combination of the following:

(1) Work faithfully at a suitable employment or faithfully pursue a course of study or vocational training that will equip him for suitable employment.

(2) Undergo available medical or psychiatric treatment and remain in a specified institution if required for that purpose.

---

**4.** Errors in the court's restitution order are treated below. We will not treat seriously Walker's allegation that the order to make restitution by working for the victim constitutes indentured servitude. That condition of probation provided, "[i]f the Defendant is unable to pay cash restitution to [the victim], he is direct-

ed to perform work without pay to said victim *provided the parties are willing and agreeable to the type of work to be performed.*" (Emphasis added.)

**5.** 1984 Burns Cum.Supp.

(3) Attend or reside in a facility established for the instruction, recreation, or residence of persons on probation.

(4) Support his dependents and meet other family responsibilities.

(5) Make restitution or reparation to the victim of his crime for the damage or injury that was sustained. When restitution or reparation is a condition of probation, the court shall fix the amount, which may not exceed an amount the person can or will be able to pay, and shall fix the manner of performance.

(6) Execute a repayment agreement with the appropriate governmental entity to repay the full amount of any public relief or assistance wrongfully received, and make repayments according to a repayment schedule set out in the agreement.

(7) Pay a fine authorized by IC 35–50.

(8) Refrain from possessing a firearm or other deadly weapon unless granted written permission by the court or his probation officer.

(9) Report to a probation officer at reasonable times as directed by the court or the probation officer.

(10) Permit his probation officer to visit him at reasonable times at his home or elsewhere.

(11) Remain within the jurisdiction of the court, unless granted permission to leave by the court or by his probation officer.

(12) Answer all reasonable inquiries by the court or his probation officer and promptly notify the court or probation officer of any change in address or employment.

(13) Perform uncompensated work that benefits the community.

(14) Satisfy any other conditions reasonably related to his rehabilitation.

(b) When a person is placed on probation, he shall be given a written statement of the conditions of his probation.

(c) As a condition of probation, the court may also require that the person serve a term of imprisonment in an appropriate facility at whatever time or intervals (consecutive or intermittent) within the period of probation the court determines."

We cannot find that the court abused its discretion when it imposed these conditions. Each condition falls either into a specific category of IC 35–38–2–2 or, in our estimation, into its "catchall", section (a)(14).

## V.

### Restitution

As a condition of probation, the court ordered the defendant to make restitution to the victim of the crime of which he was found guilty in the amount of $17,350.00. The court went on to order the defendant to "... make restitution on all bad checks currently in the hands of the Office of the Prosecuting Attorney, which the Defendant has not paid. Said restitution shall be made on a pro rata basis after the restitution is made to [the victim]." Walker claims the court abused its discretion by failing to comply with IC 35–38–2–2(a)(5) which provides:

"When restitution or reparation is a condition of probation, the court shall fix the amount, which may not exceed an amount the person can or will be able to pay, and shall fix the manner of performance."

We agree.

■ Although the trial court has broad discretion, it is nonetheless bound by the statutory language quoted above. *Maxwell v. State* (1983), Ind.App., 455 N.E.2d 1171, 1175. The trial court erred in failing to fix the amount to be paid by Walker. An order to make restitution in the amount of the checks in the prosecutor's office is not specific enough to inform Walker of his obligations, nor does it allow us to review Walker's allegation that the amount set was in excess of what he can pay. Therefore, we do not reach the latter question here, but instead remand with instructions to fix the amount of restitution in an amount not exceeding what Walker can or will be able to pay. The court is also instructed to fix the manner of per-

formance with whatever specificity and flexibility the court, in its discretion, deems best.[6]

Conviction affirmed; remanded with instructions.

NEAL, P.J., and CONOVER, J. (by designation), concur.

---

**6.** Because Walker did not provide us with a record of the sentencing hearing, we do not treat his allegation that the court erred in imposing restitution on checks for which Walker had not been prosecuted. Without the record we do not know on what basis the court made the order and therefore cannot assess its propriety.